IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No.   4:07CR00234 - JLH |
| ) | |
| MARQUIS HUNT ) | |

## UNITED STATES' MOTION IN LIMINE

The United States filed a criminal complaint against the defendant on August 1, 2007 and subsequently indicted him on August 7, 2007 in a one-count Indictment charging him with being a felon in possession of a firearm. At the time of the complaint and indictment, unrelated state charges were pending against Hunt. Hunt recently went to trial on the state charges where he was convicted of one or more lesser included offenses. Upon information and belief, Hunt testified at the sentencing phase of the hearing that he was being prosecuted on the state charges by Larry Jegley and that he was being prosecuted in federal court by Angela Jegley, the wife of Larry Jegley, on the underlying federal charges. Upon information and belief, Hunt intended for the jury to infer that he was being vindictively prosecuted. Accordingly, the United States has reason to believe that either Hunt or his attorney or both will argue that he is being vindictively prosecuted in this matter. Therefore, the United States respectfully requests that it's motion in limine be granted precluding any mention or argument whatsoever by the defense that this prosecution is the product of prosecutorial vindictiveness for the reasons which follow:

The due process clause prohibits federal indictments resulting from prosecutorial vindictiveness. Whether the due process clause has been violated is a legal issue for the court

to determine, not a issue of fact for the jury to resolve. The proper means by which to assert prosecutorial vindictiveness is a motion to dismiss which has not been filed in this case. It is the defendant's burden to show that the prosecution was brought in order to punish the defendant for the exercise of a legal right. *United States v. Campbell*, 410 F.3d 456, 461 (8th Cir. 2005) (citation omitted). Had a motion to dismiss been filed, the 8th Circuit is split as to the correct standard of review to apply to the district court's decision ranging from abuse of discretion, clear error and de novo review. *United States v. Campbell, supra*, 410 F.3d at 461, n. 2 (citations omitted).

Prosecutorial vindictiveness may be established by objective evidence of a vindictive motive or facts that create a presumption of vindictiveness for the defendant's exercise of a legal right. In the case at hand, there is no objective evidence of vindictiveness nor is there evidence sufficient to support a presumption of vindictiveness. *See for example, United States v. Krines*, 270 F.3d 597, 602 (8th Cir. 2001) (no presumption where federal government prosecuted defendant after he refused to plead guilty in state court). See also, *United States v. Beede*, 974 F.2d 948, 951-952 (8th Cir. 1992)(collecting cases in which no prosecutorial vindictiveness was found). Merely because the defendant was indicted in federal court while unrelated state charges were pending does not establish objective evidence or a presumption of prosecutorial vindictiveness.

THEREFORE, the United States respectfully requests that the government's motion in limine be granted.

Respectfully submitted,

JANE W. DUKE
UNITED STATES ATTORNEY


/s/ Angela S. Jegley
By:  ANGELA S. JEGLEY
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR 72203
501-340-2600


**CERTIFICATE OF SERVICE**

 I hereby certify that a copy of the foregoing Motion  was filed by the district court's electronic filing system and same will forward a copy to the defendant's attorney of record, on this 31st day of March, 2008.


/s/ Angela S. Jegley
ANGELA S. JEGLEY